FbeemaN, J.,
delivered the opinion of the court-:
The defendant was indicted in the circuit court of "Warren county, for the murder of one Jones; he was convicted of murder in the second degree, and sentenced to twenty years’ imprisonment in the penitentiary. Several questions are made here for reversal, which we will notice shortly: First, it is insisted that certain confessions made by him in jail are improperly admitted, because of the fact, as stated in an affidavit for a new trial, that the1 prisoner had originally confessed his guilt to one Hawkins, and these confessions were the result of a promise to intercede for defendant, and get his punishment reduced so as to save his life.
It is now insisted that the state should have shown this influence removed before the testimony could have been admitted. Several answers might be given for this objection; one is conclusive — that is, the trial proceeded, and the testimony was all permitted to go to the jury without-any objection whatever made to it. We have repeatedly *250 lield that a party cannot, either in a civil or criminal case, sit by and not object to testimony, take- bis obance of acquittal or conviction on testimony deemed incompetent, and then ask a reversal for such testimony in this court. There is nothing in the proof beard on the trial to raise the objection, or show that inducements were held out by Hawkins in obtaining the first confession; it is only stated in an affidavit for a new trial.
The charge of his Honor is correct, and the evidence abundantly sustains the verdict.
There are several affidavits presented on motion for new trial, which, however, do not contain any matter that would demand of this court a reversal of the case. One matter is, that Hawkins had been examined on the former trial, was put under the rule by the state at the second trial, but not examined, and defendant says would have given testimony favorable to him had he been put on the stand as a witness. We held in the case of Eason, at Jackson, [Eason v. State, 6 Bax., 431, 435-438], some years since, that the state was not bound to introduce any witness, however important, but if defendant wished the testimony of a witness summoned by the state, he must subpoena him or call him as a witness himself, and could not complain if the state failed to furnish testimony for his defense. We have no doubt of the correctness of this rule, and adhere to it.
It is stated in the affidavit of one of defendant’s attorneys that one Eultz, a juryman, when asked on his voir dire whether he had formed an opinion, said that he had, and believed defendant guilty, but that the reply did not reach the ear of his counsel until after he had taken his seat. His attention was then called to it by another member of the bar and no objection made. This cannot aid defendant. He should have obiected at once, presented the facts to the court, when the juryman could have been set aside. He cannot remain quiet under such circumstances, and by his conduct, accept the juror after the objection comes to his *251 knowledge, especially wlien tbe fact is known before tbe jury is made up or trial commenced, and probably immediately after tbe occurrence, and tben bave a new trial wben tbe verdict is found to be against bim.
Tbe other matters in tbe affidavit are as to newly discovered testimony, in part, in matters, however, that could have no weight in changing tbe verdict, if permitted, to be beard; as to failure to bave depositions of certain witnesses, ibere is shown an utter want of diligence in procuring their evidence, and, even if bad, it is of such character, as far as stated, as would not be very material in a future trial. There is nothing in tbe affidavits, in fact, on which a new trial ought to have been granted.
Affirm the judgment.